UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Michael Austin,**<br><br>                             **Plaintiff,**<br><br>v.<br><br>**Circle 2, Inc. d/b/a Daddy Rabbits,**<br>**LVP, Inc. d/b/a Candy Bar,**<br>**M.G.B., Inc. d/b/a Pure Pleasure Club,**<br>**Pyliaris Corporation d/b/a Strickly Business**<br>**Transportation also Mid-Atlantic Showclubs also**<br>**Kiss My Grits Cafe, and**<br>**William Pyliaris,**<br><br>                            **Defendants.** | CIVIL ACTION NO.   3:20cv95 |

**COMPLAINT**

Plaintiff Michael Austin (hereinafter "Plaintiff" or "Mr. Austin") respectfully moves for judgment against Circle 2, Inc. d/b/a Daddy Rabbits, LVP, Inc. d/b/a Candy Bar, M.G.B., Inc. d/b/a Pure Pleasure Club, Pyliaris Corporation d/b/a Strickly Business Transportation also Mid-Atlantic Showclubs also Kiss My Grits Café, and William Pyliaris (collectively referred to as "Defendants").

**Introduction**

1. This is a claim for unpaid minimum wages and overtime in violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, et seq., and unpaid wages under Va. Code § 40.1-29.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiff may bring this action in any appropriate United States District Court. Plaintiff seeks this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

**Parties**

5. Michael Austin is a resident of Virginia who was employed at various times by Defendants as a disc jockey ("DJ") in various clubs owned and operated by Defendants. Mr. Austin was an "employee" as contemplated by the FLSA and Va. Code § 40.1-29.

6. Circle 2, Inc. d/b/a Daddy Rabbits is a Virginia corporation with its principal office in Richmond, VA. Circle 2, Inc. meets the definition of "employer" as contemplated by the FLSA and Va. Code § 40.1-29.

7. LVP, Inc. d/b/a Candy Bar is a Virginia corporation with its principal office in Richmond, VA. Circle 2, Inc. meets the definition of "employer" as contemplated by the FLSA and Va. Code § 40.1-29

8. M.G.B., Inc. d/b/a Pure Pleasure Club is a Virginia corporation with its principal office in Richmond, VA. M.G.B. Inc. meets the definition of "employer" as contemplated by the FLSA and Va. Code § 40.1-29.

9. Pyliaris Corporation d/b/a Strickly Business Transportation, Mid-Atlantic

Showclubs and Kiss My Grits Café is a Virginia Corporation with its principal office in Richmond, VA. Pyliaris Corporation meets the definition of "employer" as contemplated by the FLSA and Va. Code § 40.1-29.

10. Upon information and belief, Pyliaris is the owner and operator of several adult entertainment clubs including Defendant clubs Candy Bar, Daddy Rabbits, and Pure Pleasure Club. Pyliaris had ultimate authority over corporate operations as well as Plaintiff's terms and conditions of employment. Pyliaris meets the definition of "employer" as contemplated by the FLSA and Va. Code § 40.1-29.

11. Upon information and belief, Defendants are joint employers in that they share common ownership and management responsibilities over employee functions. Defendants are jointly and severally liable for the acts complained of herein.

### Factual Allegations

12. Plaintiff has worked for one or more of Defendants' since approximately 2001.

13. During the relevant period, Plaintiff was employed by Defendants as a DJ at Candy Bar, Daddy Rabbits, and Pure Pleasure.

14. Plaintiff's duties were to play music for different entertainers, clean the stage, advertise daily specials and/or upcoming events, promote other clubs that are owned by Defendant Pyliaris, advertise alcohol, and make live announcements during the operating hours of the club.

15. Defendants exerted control over nearly all aspects of Plaintiff's working conditions including:

    a. The type of music he was allowed to play;

    b. The schedule he was allowed or required to work;

    c.    The manner in which he interacted with customers and/or entertainers;

    d.    His dress code;

    e.    The announcements he made;

    f.    The content of the promotions he announced for Defendant's clubs or other businesses; and

    g.    Which club he was assigned to work.

16. Despite the fact that Defendants controlled the entirety of Plaintiffs' employment, Defendants told Plaintiff he was an independent contractor.

17. Defendants did not pay Plaintiff any wages for his work.

18. Defendants required the dancers (or "strippers") at each of its clubs to pay the DJs from their tips earned each night.

19. Defendants unlawfully passed on to other employees its obligation to pay its own employees who were suffered or permitted to work.

20. Defendants did not compensate Plaintiff on an hourly basis, or on any basis for that matter.

21. Defendants' failure to pay any wages to Plaintiff is a violation of the FLSA's requirement that an employer pay at least a minimum wage for all hours worked.

22. Defendants' failure to pay any wages also was a violation of the FLSA's requirement to pay an overtime premium in those weeks where Plaintiff worked more than 40 hours per week.

23. Plaintiff typically worked at least 40 hours per week.

24. Plaintiff did not work overtime hours every week, but there were weeks within the

past three years when he did work extra shifts or hours when directed to do so, putting his total hours in excess of 40 in those weeks.

25. Shifts at Defendants' clubs could last between 8 hours and 15 hours.

26. Defendants were the subject of several lawsuits filed by dancers, e.g. *Banks v. BTF3*, Case No. 3:18-cv-93-HEH; *Oliver v. MGB, Inc.*, Case No. 3:18-cv-96-HEH; and *Cramer, et al. v. Arkesia, Inc.*, Case No. 3:18-cv-39-HEH.

27. Following the above lawsuits, Defendants changed its pay practices with respect to DJs and began paying Plaintiff through a payroll system.

28. Despite paying Plaintiff through its payroll, Defendants failed to compensate Plaintiff for all hours he spent working for the club ("off the clock hours").

29. Defendants also had a policy of not paying its employees for any overtime worked in a week. Plaintiff continued to work overtime hours in some weeks, but Defendants altered or cut his hours to prevent him from receiving overtime premium for those hours he worked over 40 per week.

30. Upon information and belief, Defendant Pyliaris sets these pay policies at his clubs which deprived Plaintiff from minimum and overtime wages.

31. Defendants failed to maintain accurate records of workers' hours worked, wages earned, overtime hours worked, and overtime wages earned as required by the FLSA.

32. Defendants failed to maintain accurate time records of all hours worked by Plaintiff.

33. Based on the nature of Plaintiff's job duties, there is no FLSA exemption that applies to preclude Plaintiff from being paid minimum wage or at one and one-half times his regular rate of pay for all hours worked in excess of 40 per week.

34. Defendants each had authority to direct Plaintiff's work including:

   a. authority to hire and fire;

   b. authority to direct which shifts Plaintiff would work, and whether he was required to work beyond the ending time of each shift;

   c. managing and supervising the duties including the specific promotional announcements that Plaintiff made;

   d. the type of music to play;

   e. the level and volume at which music was played.

35. Defendants provided the sound system and audio equipment at each club in which Plaintiff worked.

36. Defendants willfully violated the FLSA by knowingly failing to pay minimum wage or overtime.

37. At all relevant times Defendants intended to deprive Plaintiff of the minimum wage and overtime pay he was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

38. Defendant Pyliaris dominated the day-to-day operating decisions of the clubs, made major personnel decisions for the Defendants, and had complete control of the alleged activities of the clubs which give rise to the claims brought herein.

39. Upon information and belief, Defendant Pyliaris was a supervisor, officer and/or agent of the clubs, who acted directly or indirectly in the interest of the clubs, and is an employer within the meaning of the Fair Labor Standards Act. Pyliaris, in his capacity as an officer, director, shareholder, and/or president or vice president, actively participated in the unlawful method of

payment for the Defendants' employees including Plaintiff.

## COUNT I
### *Violation of the FLSA*

40. Plaintiff incorporate by reference and re-alleges the preceding paragraphs as though fully set forth herein.

41. At all times relevant, Defendants failed to pay Plaintiff overtime for working more than 40 hours per week.

42. Plaintiff worked more than 40 hours per week without overtime compensation for hours worked over 40.

43. At all times relevant, Defendants failed to pay minimum wage for all hours worked.

44. Plaintiff worked weeks in which he did not receive any wages from Defendants.

45. At all times relevant, Defendants knew, or should have known, that the FLSA applied to Plaintiff.

46. Defendants knew of Plaintiff's hours worked, and of its obligation to pay minimum wage and overtime. However, Defendants failed to do so.

## COUNT II
### *Violation of Va. Code § 40.1-29*

47. Plaintiff incorporates by reference and re-alleges the preceding paragraphs as though fully set forth herein.

48. Defendants have violated Va. Code § 40.1-29 by failing to pay Plaintiff wages for all hours worked.

49. Pursuant to Va. Code § 40.1-29, Plaintiff is entitled to the payment of unpaid wages with interest, plus attorneys' fees.

7

## **Relief Requested**

Wherefore, Plaintiff requests the following Relief against Defendants:

    A.    money damages for all unpaid minimum wages;

    B.    money damages for all unpaid overtime compensation;

    C.    liquidated damages in an amount equal to all unpaid minimum wages and overtime owed to Plaintiff;

    D.    pre-judgment and post-judgment interest;

    E.    reasonable attorneys' fees and costs expended in the prosecution of this case;

    F.    money damages for unpaid wages, pre-judgment and post-judgment interest, plus an award of attorneys' fees pursuant to Va. Code § 40.1-29;

    G.    all other further relief permissible by law as this Court deems necessary and proper.

Plaintiff respectfully demands **TRIAL BY JURY**.

    Respectfully submitted,
    **Michael Austin**
    Plaintiff

    By:\_\_\_\_/s/_____
    Craig Juraj Curwood (VSB No. 43975)
    Curwood Law Firm, PLC
    530 E. Main Street, Suite 710
    Richmond, VA 23219
    Telephone: (804) 788-0808
    Fax: (804) 767-6777
    ccurwood@curwoodlaw.com
    Attorney for Plaintiff